# SETTLEMENT AGREEMENT

This is a Settlement Agreement by and between James Torres, his heirs, successors and assigns (collectively referred to in the rest of this document as "Mr. Torres") and Kaycan Ltd., including its parents, subsidiaries, successors, assigns, and related companies, and its shareholders, directors, officers, employees, attorneys or agents (collectively referred to in the rest of this document as "Kaycan").

## Preliminary Statement

Mr. Torres was employed with Kaycan. This employment relationship is now ended. Mr. Torres made a claim against Kaycan alleging that he was improperly classified as exempt and therefore not properly paid for alleged overtime he claims to have worked. The aforementioned claim is the subject of a lawsuit filed in the United States District Court, Southern District of Florida, Case No: 14-CIV-23924-MGC. Kaycan denies any liability or wrongdoing and has vigorously defended this claim. The parties have now agreed to end all claims and settle the aforementioned lawsuit.

Mr. Torres enters into this Settlement Agreement freely and voluntarily having had the benefit and advice of counsel of his own attorney. Mr. Torres is satisfied with the opportunity and/or advice and hereby warrants that no additional time or review or advice is desired or has been requested.

## Terms and Conditions

And for the consideration stated in this agreement, Mr. Torres and Kaycan, by executing this Settlement Agreement, do hereby agree as follows:

I. **SETTLEMENT**: Mr. Torres knows, acknowledges and understands that by signing this Settlement Agreement, he is satisfied with this result and the end of all claims which were in the lawsuit described above as well as any and all claims which could have been raised, even if they are not known to or recognized by Mr. Torres at this time. There will

1

**EXHIBIT "A"**

3395969.1

be no more lawsuits or claims between Mr. Torres and Kaycan in any way relating to the hours he worked or compensation paid by Kaycan.

II.  **DUTIES OF KAYCAN**:

**CONSIDERATION**: Kaycan shall pay to Mr. Torres a total of $10,000.00 less applicable taxes and withholding, in three checks as follows: (1) one check made payable to Mr. Torres in the amount of $2,500.00 less applicable taxes and withholding for which Mr. Torres will be issued a W-2; (2) one check made payable to Mr. Torres in the amount of $2,500.00 representing liquidated damages for which Mr. Torres will be issued a 1099; and (3) one check in the amount of $5,000.00 made payable to Zandro E. Palma, P.A., representing attorneys' fees, other damages and costs, for which a 1099 shall be issued.

Mr. Torres and Mr. Torres' attorney must both complete W-9 forms so that Kaycan can properly pay the above referenced consideration.

Kaycan will tender payment as described in this paragraph within 15 days of signing this Agreement. If Case No. 14-CIV-23924-MGC is not dismissed with prejudice by the 15th day, Mr. Torres' attorney will hold the settlement funds in escrow until such time as the lawsuit is dismissed and will not disburse the funds to Mr. Torres until the case is dismissed with prejudice.

Mr. Torres acknowledges that this consideration is (1) sufficient, (2) received, and (3) the sole and exclusive consideration for this Settlement Agreement.

III.  **DUTIES OF MR. TORRES**:

1. **RELEASE**: Mr. Torres agrees to settle and release all claims for wages under the FLSA. Mr. Torres also agrees to execute all documents necessary to have Case No. 14-CIV-23924-MGC dismissed with prejudice.

2. **CAREFUL READING**: Mr. Torres further states that the foregoing Settlement Agreement has been carefully read by Mr. Torres, and he knows and understands the contents thereof and the Settlement Agreement has been fully explained to Mr. Torres.

3. **FINAL SETTLEMENT**: Mr. Torres does voluntarily accept the aforesaid sum and consideration for the purpose of making a full and final settlement of all FLSA and/or wage claims against Kaycan, past, present and future, and including any and all claims upon Mr. Torres' death, by beneficiaries, spouse, dependents, heirs, children, estate and legal representatives, and all other persons.

4. **CAPACITY**: Mr. Torres hereby declares that he is eighteen years of age or over and that Mr. Torres suffers from no legal disabilities or mental/physical disability which would disable or incapacitate, even in part, him from executing this

3395969.1

Settlement Agreement. Mr. Torres warrants and represents that he has not taken any drug or medication prior to the execution of this Release which would prevent Mr. Torres from understanding the terms herein.

5. **INDEMNIFICATION**: Mr. Torres agrees to indemnify and hold harmless Kaycan against any and all claims, including attorney's fees incurred by Kaycan where such claims might arise as a result of any claim of the IRS or the United States for unpaid taxes or by his attorneys for fees or costs allegedly due for any representation or as a result of a breach of any of Mr. Torres' duties under this agreement. Mr. Torres agrees to be responsible for all taxes due upon the consideration paid and agrees to indemnify and hold harmless Kaycan from any claims for taxes, interest and/or penalties claimed due as a result of the payment of said consideration. The parties hereto hereby waive their right to jury trial in any dispute arising hereunder as part of the consideration for entering into this Settlement Agreement.

IV. **CONSIDERATION**: Mr. Torres hereby expressly states that the above consideration (the value to Mr. Torres) is in full payment for this Settlement Agreement and is sufficient and satisfactory in all regards. There is no understanding, agreement, or promise of any kind or nature for any more or future consideration whatsoever, either implied and/or expected arising from Mr. Torres' FLSA claim.

## General Terms

V. **OTHER DOCUMENTS**: Mr. Torres and Kaycan agree to submit a joint motion for approval of the settlement and for dismissal of this action with prejudice, which means that it can never be refiled. Mr. Torres further agrees that if any further documents are needed to cause the approval of the settlement and/or dismissal with prejudice, Mr. Torres will also cause them to be promptly executed, it being the sincere desire of the parties to conclude all aspects of any dispute between the parties hereto so that no further expenditures will be necessary. In the event that all claims against Kaycan are not dismissed with prejudice, the parties agree that this Settlement Agreement may, at the option of Kaycan, be declared *void ab initio*, meaning that this Settlement Agreement will be as if it had never existed or been signed.

VI. **VOLUNTARY EXECUTION**: Mr. Torres has not been influenced or coerced in any manner or to any extent to execute this Settlement Agreement by any representations or statements of Kaycan or Kaycan representatives regarding said claims. Mr. Torres has voluntarily executed this Settlement Agreement.

VII. **ORIGINALS**: This Settlement Agreement may be signed in one or more counterparts, each of which, when executed with the same formality and in the same manner as the original, shall constitute an original.

VIII. **OTHER CONDITIONS**: It is further understood and agreed that this Settlement Agreement is not to be construed as an admission of liability on the part of Kaycan, by

whom liability is expressly denied, and no past or present negligence or wrongful act on the part of Kaycan is to be implied by such payment or negotiations.

IX.  **APPLICABLE LAW**: This Settlement Agreement is entered into in the State of Florida and shall be construed and interpreted in accordance with the laws of the State of Florida.

X.  **INTEGRATION**: This Settlement Agreement contains the entire agreement between the parties with respect to Mr. Torres' FLSA claims. There are no other agreements, warranties, or representations which form any part of the Settlement Agreement to resolve the respective FLSA claims and rights of the parties.

XI.  **MODIFICATION**: There may be no change or modification of this Settlement Agreement at any time, even after its execution, unless there is both new consideration and a written modification signed by all parties hereto. Except as expressly stated in this agreement, this Settlement Agreement supersedes and renders null and void any previous employment agreements or contracts, whether written or oral, between the parties.

XII.  **SINGULAR**: Although the terms Mr. Torres and Kaycan have been used in the singular herein, the parties expressly agree that such use was for drafting convenience jointly and that the terms Mr. Torres and Kaycan may refer to multiple parties or persons both jointly and severally.

EXECUTED this __18__ day of __MAY__, 2015.

_____
James Torres

SIGNED, SEALED AND DELIVERED in the presence of:

_____
WITNESS SIGNATURE

_____
WITNESS NAME
(Print or Type)

_____
WITNESS ADDRESS

EXECUTED this __18__ day of __May__, 2015.

_____

4

3395969.1


Kaycan Ltd.
By: *Jay Gilletz*
Title: *VP Finance & Admin*

3395969.1